**JUDGE REARDEN**

24 CV 07727

HELENA KRIZEK

PLAINTIFF PRO SE

244 W 64TH ST 6H
New York, NY 10023-6428
(646) 472-4236
Helenka24@yahoo.com



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

HELENA KRIZEK,

                Plaintiff,

     -against-

THE QUEENS MEDICAL CENTER,
DR. CHERYLEE CHANG,
DR. THOMAS S. GALLACHER,
DR. NOBUHIRO ARIYOSHI,
EDQUON LEE, ESQ.,
MARGARET WILLE AND
ASSOCIATES LLC.,
MARGARET WILLE ESQ.,
WILLIAM A. BORDNER ESQ.,
DR. HAO CHIH HO,
LEGACY OF LIFE HAWAII,
LIONS EYE BANK OF HAWAII,
HAWAII STATE DEPARTMENT OF HEALTH,
DR. CHRISTOPHER HAPPY
MEDICAL EXAMINER OF HONOLULU, IN HIS
OFFICIAL & INDIVIDUAL CAPACITY.

                Defendant (s)

_____/

Docket No.:

Civil Complaint

JURY TRIAL DEMAND

1

Now comes Helena Krizek, the plaintiff pro se' (referred to as 'plaintiff" at all times hereafter) in the above-entitled matter and who hereby files within federal civil complaint against each of the defendants as named in above caption and in support thereof states and alleges as follows.

1.     That plaintiff is more than 18 years of age, a citizen of the United States and a resident of the State of New York.

2.     That no other complaint has been filed in any other court or arbitration proceedings related to the counts as set forth more fully herein.

## JURISDICTION

3. That this Honorable Court has jurisdiction over the subject matter pursuant to Title 28 U.S.C. Sec.1332 where the plaintiff is the birth mother of the  decedent and domiciles within the State of New York and the events complained of  occurred in Hawaii.

4. That this Court has further jurisdiction pursuant to Title 28 U.S.C. Sec. 1332 where the complaint presents a federal question against employees of the State being sued in their individual capacity for violation of plaintiff's civil rights while acting under the color of law pursuant to Title 42 U.S.C. Sec.1983 as set forth more fully below.

## THE PARTIES

5.    The plaintiff HELENA KRIZEK is an individual and birth mother of Bianca decedent.

6.    That defendant THE QUEENS MEDICAL CENTER, is a hospital located in Honolulu Hawaii, responsible for care and treatment of decedent Bianca.

7.    That defendant DR. CHERYLEE CHANG is a neurologist employed by defendant QMC. and also on the advisory Committee for defendant LEGACY OF LIFE.

8.    That defendant DR. THOMAS S. GALLACHER, is the Chief of defendant QMC ICU, and also on the committee for DOH.

9.    That defendant DR. NOBUHIRO ARIYOSHI, is a medical doctor employed by defendant QMC.

10.    That defendant EDQUON LEE, ESQ., is an attorney representing defendant QMC. and DR. HAO CHIH HO.

11.    That defendant MARGARET WILLIE AND ASSOCIATES LLC., Is the law practice of defendant MARGARET WILLIE ESQ. who previously represented plaintiff HELENA KRIZEK.

12.    That defendant MARGARET WILLIE ESQ. is the attorney who previously represented plaintiff HELENA KRIZEK in related proceedings.

13.    That defendant WILLIAM A. BORDNER ESQ., is an attorney representing defendant DR. NOBUHIRO ARIYOSHI and HRP.

14.    That defendant DR. HAO CHIH HO is a medical doctor employed by defendant QMC.

15.    That defendant LEGACY OF LIFE HAWAII is an organization established for purpose of organ harvesting.

16.    That defendant LIONS EYEBANK OF HAWAII, is an organization established for human eye harvesting.

17.    That defendant DEPARTMENT OF HEALTH HAWAII is a State Agency of Hawaii.

18.    That defendant, DR. CHRISTOPHER HAPPY, is the MEDICAL EXAMINER, for the City of Honolulu Hawaii.

## INTRODUCTION TO COMPLAINT

19.    Coming before the Court is a federal civil complaint 'exposing' the illegal 'organ harvesting' practices of medical professionals and medical institutions, who are joined by the legal system which acts with complicity to their illegal, unethical, practices resulting in the premature death of their patients, all for monetary gain.

20.    In my federal civil complaint I express my deep concern regarding the recent decision of the trial court excusing my key witness on defendant motion falsely claiming medical excuse, without presenting a valid piece of medical evidence, under the watchful eyes of my negligent attorney, and complicit court, all acting in concert to conceal creditable evidence supporting illegal organ harvesting practices in defendant medical institutions, working 'hand-in-glove' with defendant medical staff including doctors who took an oath to 'DO NO HARM', resulting in the premature death of my 34 year old daughter.

21.    I am attempting to shine light on Hawaii's 'dirty little secret' of illegal 'organ harvesting' for financial gain at the expense of the patient victims, while exposing corrupt lawyers, complicity of the Court, and abuse of power in concealing evidence.

22.    The Court's unmistakable, undeniable and unforgiveable complicity in allowing the excusal of key plaintiff witness without proper verification undermines the integrity of the judicial process and jeopardizes the pursuit of justice. It is imperative that our legal system upholds rigorous standards to ensure all parties are afforded a fair and unbiased trial. Without verifiable evidence supporting the excusal of a key witness, the court's decision appears arbitrary and risks compromising the fundamental principles of justice.'

23.    That attorney ineffective assistance is compounded by gross negligence in failing to demand adequate review by the court including physical evidence (medical reports) and voir dire defendant doctor supporting the claim for excusal.

24.    That without the intense examination and review of legal claims such as mine as expressed herein our legal system is reduced to a 'legal fiction', which cannot be depended on and will continue to deprive litigants of true due process, and in the absence of due process our country is no better than those countries who openly admit denying litigants due process.... Shameful!  and therefore, this complaint now follows.

## INTEGRAL FACTS RELATED TO ALL COUNTS

25.    That my name is HELENA KRIZEK. Plaintiff pro se in the above-entitled matter.

26.    That I am the birth mother of Bianca.

27.    My birth daughter who suffered an awful death at the defendants' hands based upon facts set forth more fully below.

28.    That on December 28, 2015 Bianca Krizek, my birth daughter 'decedent went to defendant QMC Hospital for medical treatment complaining of a rash (skin redness), she was treated in Emergency Room by QMC medical staff, for identified below.

29.    That QMC admitted my daughter to the hospital for further examination on December 29, 2015, without any indispensable medical consent by her.

30.    That QMC Medical staff after admission transferred my daughter from the Emergency Room to QMC intensive care unit ICU, once again without any indispensable written/signed consent by my daughter or by any next of kin. My daughter remained in QMC ER for 9.5 hours.

31.    That as part of the treatment plan my daughter was administered a battery of unnecessary drugs including but not limited to Fentanyl and Ativan.

32.    That based upon information and belief I assert that the defendants acted together in concert in an elicit scheme, targeting my deceased daughter for organ harvesting (transplant) while placing her in a non-lucent state with the administration of various drugs including Fentanyl and Ativan, impairing her cognitively to make sensible decisions with respect to her medical treatment.

33.    That defendant QMC knowingly and deliberately redacted official medical records, establishing multiple versions of medical notes, by treating medical staff.

34.    That defendant QMC falsified or caused to be falsified, medical records, assessment notes.

35.    That defendant QMC acting in concert with medical staff failed to follow strict established policies, procedures, and protocol, including but not limited to administering fatally high doses of Versed drip, with XRT tech staff allowed to accept unattended intubated patient without proper medical team to accompany patient 'MD/RN/RRT'.

36.    A return of decedent body to the plaintiff without organs/eyes post autopsy which was done without consent and against plaintiff's religious belief preventing plaintiff from having a second autopsy to confirm or challenge finding.

37.    Defendants failed to obtain indispensable consent for admission to defendant QMC Hospital, when the plaintiff's daughter was fully alert and oriented, to give consent.

38.    That defendants further acted without patient consent for invasive medical procedures including but not limited to CVC placement, Cortack NG Tube, ET Tube placement.

39.    That defendant QMC neurologist DR. CHERYLEE CHANG, who aided in treatment of decedent was also serving on advisory committee of Defendant LEGACY OF LIFE HAWAII, which is a conflict of interest.

40.    That DR. THOMAS S. GALLACHER Chief of defendant QMC intensive care unit 'ICU' was on Committee for DOH which was a conflict of interest.

41.    That decedent sustained unexplainable fourth right posterior rib fracture about a week prior to her wrongful death contributed to by blunt trauma.

42.    That decedent had sustained MI 'Myocardial Infraction' approximately one week before her wrongful death, even though her ECHO on admission was normal.

43.    That approximately one week before decedent wrongful death defendant DR. THOMAS S. GALLACHER produced falsified computer printout as a ruse to pursued plaintiff that her daughter had rat-lungworm disease, which is a misdiagnosis and outright lie.

44.    That defendant DR. THOMAS S. GALLACHER promised plaintiff a letter of explanation within three days of decedent arrival on January 5, 2016, in defendant QMC ICU and broke his promise.

45.    In mid-January 2016 plaintiff and decedent's father had a Skype conference with manager of patient care services 'PCS' and her assistant during which letter of explanation was promised again and never forthcoming.

46.    That on February 22, 2016 the day of my daughter's funeral, I had decided together with my daughter's father to return back to defendant QMC 'PCS' to consult 'PCS' manager, when I was lied to by 'PCS' staff, stating manager was off and when I refused to leave and advise the clerk to call police and/or hospital security then finally 'PCS manager, who was apparently off had reappeared within the next 5 minutes from back office, when we were finally provided promised letter, within 45 minutes.

9

47.    That the letter was written by defendant DR. THOMAS S. GALLACHER Chief of defendant QMC ICU.

48.    That at one point defendant DR. THOMAS S. GALLACHER stated that plaintiff is a nurse and should be able to figure out what happened to her daughter.

49.    That defendant Department of Health Hawaii, is a State Agency of Hawaii and that defendant DR. CHRISTOPHER HAPPY, is the Medical Examiner for the City of Honolulu, Hawaii. and an agent of the State.

50.    That defendants DOH/ DR. CHRISTOPHER HAPPY, while acting under the 'color of law' following decedent's death acted with a pattern and practice of fraud, falsifying medical records of the decedent with deception towards the plaintiffs, providing plaintiff with false and misinformation, in the furtherance of conspiracy to coverup unlawful practices of their co-defendants, unlawful organ harvesting practices, while depriving the plaintiff of due process in obtaining all medical records of the decedent.

51.    That defendant DOH staged a fraudulent investigative survey into the cause of decedent's death in defending QMC erroneously finding that decedent was not administered Fentanyl and Ativan during her hospital stay at defendant QMC Hospital, which is incontrovertibly erroneous when compared with the actual medical records as prepared by hospital staff who executed treatment plan of the decedent at all material times prior to decedents' wrongful death.

52.     That defendant DR. CHRISTOPHER HAPPY the Medical Examiner of Honolulu /the City of Honolulu intentionally withheld requested Toxicology Report from the plaintiff upon request by the plaintiff.

53.     That defendant DR. CHRISTOPHER HAPPY failed in his duty as a Medical Examiner for the City of Honolulu to maintain (investigate) all accurate original medical records, slides, etc. as stated on the autopsy report.

54.     That each of the defendants as named in the above-entitled matter acted in concert with a pattern and practice of fraud, to deceive the plaintiff inquiry and cover up a conspiracy by all defendants acting in concert to unlawfully remove decedents organs under the guise of donation which the decedent never consented to during her lifetime, nor did decedents birth parent, following decedents wrongful death.

55.     That each of the defendants were engaged in an unlawful conspiracy to place the decedent to over medicate the decedent placing the decedent in an illusionary state, unable to speak up and question medical personnel concerning her treatment plan.

56.     That the treatment plan administered by QMC together with all their medical staff was designed to place the decedent in a deprived state of unconsciousness to achieve the unlawful scheme of all defendants acting in concert to cause decedents death and unlawfully take decedent's organs for donation following decedent death, without decedent consent during her lifetime, and without the indispensable approval of decedent's parents, following decedents' wrongful death.

11

57.    Importantly, defendant DR. CHRISTOPHER HAPPY was on the advisory committee of defendant LEGACY OF LIFE HAWAII constituting an incurable conflict of interest.

58.    That defendants delayed issuing death certificate for plaintiff Bianca who died on February 5, 2016, with no death Certificate being issued until the fall of 2017, was all part of a scheme to unlawfully coverup the true cause of death of plaintiff daughter Bianca and issue a false cause of death on Bianca's death certificate.

59.    That the Medical Report in support of findings on cause of death omitted deliberately inflicted brain injury, patient coma leaving patient unresponsive for period of 24 - 36 hours following admission to defendant QMC Hospital.

60.    Importantly, plaintiff's daughter Bianca went to defendant QMC Hospital Emergency Room for treatment of a minor rash on her left leg.

61.    That defendant's daughter Bianca was alert and possessed her cognitive skills and ability upon reporting to defendant QMC Hospital Emergency Room for treatment.

62.    That Assistant Medical Examiner/Chief Investigator Pamela Cadiente falsely reported that decedent was brought into the defendant QMC Hospital comatose an utterly false report.

63.    That Assistant Medical Examiner/Chief Investigator Pamela Cadiente and is responsible for determining the cause and manner of the deaths that occur in the City of Honolulu/QMC.

64.    That defendant DR. CHRISTOPHER HAPPY falsely testified during deposition that he had a previous conversation with the plaintiff, who never spoke to him personally but rather only to his assistant Pamela Cadiente Assistant Medical Examiner/Chief Investigator and a person named Mary.

65.    That decedent remains were returned to the family without any organs including eyes, and without any indispensable consent for them to have been removed, upon the wrongful death of the decedent by the defendants who acted in an elicit scheme to unlawfully remove organs of the decedent for the purpose of donation and financial self-gain.

66.    Notably, final order in decedent's Medical Record read "LEGACY OF LIFE Referral MR. Pg: 752/12554 recorded February 5, 2016, at 19:50:14 by Dr. Mark W. Smith, without any consent and that any such organ donation was against decedent and family religious beliefs".

67.    That plaintiff's daughter Bianca treatment plan included increase for PEEP from 5 -10 on severally hypotensive patient, who was not on vasopressor drip, to deliberately further lower patient's blood pressure.

68.    That plaintiff daughter Bianca treatment plan further included medical staff order Lohexol Contrast Dye for decedent who was primarily dehydrated and

Lohexol should never be administered to dehydrated patients because of potential risk of acute kidney injury 'failure'.

69.    That treating defendants failed regular assessment testing/ documenting changes in decedent's condition when her oxygen demand had increased from 2L via nasal cannula to 10L via OXY Mask between 7pm and 8 pm on December 29, 2015.

70.    That defendant medical staff did not perform routine ABG'S prior to intubation and or shortly thereafter to determine the need for intubation and to have proper settings on the ventilator post intubation period.

71.    That defendant medical staff negligently allowed the decedent to be removed from ICU setting 19 minutes post intubation for the Routine CT Test of left ankle/abdomen/pelvis without a proper indispensable medical team available to accompany the decedent; therefore, MD/RN/RRT must be in attendance.

72.    That defendant DR. NOBUHIRO ARIYOSHI, knowingly and intentionally ordered patient be administered Fentanyl and Ativan, despite patient suffering severe low blood pressure due to dehydration.

73.    That decedent was deliberately misdiagnosed with sepsis in order to transfer the decedent into ICU setting.

74.    That defendant, QMC Medical Staff intentionally and erroneously misclassified intubation of decedent as Emergent cause.

14

75. That decedent was transferred to ICU from Emergency Department despite per medical record stating that patient was stable and didn't require any critical care, while in ED where patient remained for 9.5 hours.

76. That defendant DR. HAO CHIH HO secreted his specialty of organ transplant surgery during his trial testimony.

77. That defendant DR. HAO CHIH HO was a treating physician in defendant QMC Hospital ICU when patient decedent was brought in for medical treatment.

78. Importantly DR. HEATH H. CHUNG had ruled out all infectious diseases of decedent, a fact to be falsified by other defendant medical staff in other various reports.

79. That decedent was negligently administering Ativan by treating medical staff which caused hypotension, respiratory depression, confusion and seizures.

80. Additionally, decedent treatment plan included administering Fentanyl IV., despite the fact that decedent was not complaining of any pain and had suffered from dangerously low blood pressure with Fentanyl contributing to hypotension, and respiratory depression.

81. That defendant MARGARET WILLIE ESQ. and MARGARET WILLIE AND ASSOCIATES LLC who were attorneys' representation for the

plaintiff at all stages of prior proceedings, failed to meet the minimal standard provided assistance of counsel to the plaintiff, and defendant failure to key witness being erroneously excused from testimony and prior proceedings.

82.    That defendant MARGARET WILLIE ESQ suppressed facts establishing defendants' illicit scheme of illegal organ harvesting, which she was informed about by the plaintiff.

## COUNT ONE

## VIOLATION OF TITLE 42 U.S.C. SECTION 1983 CIVIL RIGHTS ACT

83.    Here plaintiff states and incorporates all facts and averment as set forth in paragraphs 1 to 82 more fully above herein further states and alleges as follows.

84.    That defendants Department of Health Hawaii and DR. CHRISTOPHER HAPPY are state actors and persons within the meaning of Title 42 U.S.C. Section 1983 Civil Rights Act.

85.    That at all material times herein defendant acted in 'color of law' to achieve in the further of their illicit scheme of unlawful organ harvesting which was a scheme  of all defendants acting in concert with one another .

86.    That the defendant's scheme of falsifying critical medical records of plaintiff daughter Bianca was suppressed by the defendants who deprived the plaintiff of her fundamental rights by state actors as codified under Title 42 U.S.C.

Section 1983 Civil Rights Act.

87.    **WHEREFORE** the plaintiff demands a Money Judgment in an amount to be determined by a jury at trial together with actual, compensatory, statutory, and punitive damages together with reasonable attorney fees, court cost, pre and post judgment interest, and any other relief this Honorable Court deems just within its jurisdiction.

## COUNT TWO

## CONSPIRACY TO COMMIT MEDICAL FRAUD THROUGH INDUCEMENT FOR PURPOSE OF ILLEGAL ORGAN HARVESTING

88.    Here plaintiff states and incorporates all facts and averments as set forth in paragraphs 1 to 87 more fully above herein further states and alleges as follows.

89.    That the defendants and each of them named in the above-entitled matter during all material times herein acted with an illicit scheme to promote their campaign of 'illegal organ harvesting' by depriving plaintiff daughter Bianca of adequate medical care while placing defendant daughter Bianca in a depraved medical condition causing her wrongful death, followed by defendants' unlawful seizure of plaintiff daughter Bianca organs for donation without indispensable patient or family consent.

90.    That defendants motive was financial gain, through a pattern and
practice including unconscionable inducement and artifice used to trick and
deceive plaintiff daughter Bianca and the plaintiff.


91.    **WHEREFORE** the plaintiff demands a Money Judgment in an
amount to be determined by a jury at trial together with actual, compensatory,
statutory, and punitive damages together with reasonable attorney fees, court cost,
pre and post judgment interest, and any other relief this Honorable Court deems
just within its jurisdiction.

### COUNT THREE
### CONSPIRACY TO COMMIT MEDICAL FRAUD IN CONCEALMENT
### FOR PURPOSE OF ILLEGAL ORGAN HARVESTING

92.    Here plaintiff states and incorporates all facts and averment as set
forth in paragraphs 1 to 91 more fully above herein further states and alleges as
follows.


93.    That each of the defendants acting in concert with one another
engaged in a pattern and practice to conceal, alter and suppress plaintiff daughter
Bianca true medical records, and diagnosis.


94.    That the defendants engaged in said illicit conspiracy to conceal true
and accurate medical records of plaintiff's daughter Bianca to achieve their
ultimate goal and unlawful scheme of targeting plaintiff's daughter Bianca for
unlawful organ harvesting following her wrongful death which was caused by the

defendant's illicit actions and artifices including fraud, deception and trickery against plaintiff daughter Bianca and the plaintiff.

95.    **WHEREFORE** the plaintiff demands a Money Judgment in an amount to be determined by a jury at trial together with actual, compensatory, statutory, and punitive damages together with reasonable attorney fees, court cost, pre and post judgment interest, and any other relief this Honorable Court deems just within its jurisdiction.

**COUNT FOUR**

**GROSS NEGLIGENCE**

96.    Here plaintiff states and incorporates all facts and averments as set forth in paragraphs 1 to 95 more fully above herein further states and alleges as follows.

97.    That the defendants as named in the above entitled matter and each of them engage in a pattern and practice constituting gross negligence in the preparation and execution of plaintiff daughter Bianca treatment plan, resulting in the wrongful death of plaintiff daughter Bianca, together with a violation of decedent worldly wishes and intent not to donate her organs after death, based among other things on her profound religious beliefs, and where the defendants following the wrongful death of plaintiff daughter death wrongfully and unlawfully seized and donated plaintiff daughter Bianca body organs among other defendants for financial gain.

98.    **WHEREFORE** the plaintiff demands a Money Judgment in an amount to be determined by a jury at trial together with actual, compensatory, statutory, and punitive damages together with reasonable attorney fees, court cost, pre and post judgment interest, and any other relief this Honorable Court deems just within its jurisdiction.

HELENA KRIZEK
PLAINTIFF PRO SE

DATED: 10/11/2024

Generated: Oct 11, 2024 12:50PM

# U.S. District Court

## New York Southern - Manhattan

HELENA KRIZEK

Receipt Date: Oct 11, 2024 12:50PM

Rcpt. No: 33639        Trans. Date: Oct 11, 2024 12:50PM        Cashier ID: #JE

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| CC | Credit Card | | | | $405.00 |

| | |
|--|--|
| Total Due Prior to Payment: | $405.00 |
| Total Tendered: | $405.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.′ ɔ |

**Comments:** 24CV07727 JHR OTW

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.